W. H. LYLE, INTERVENOR, *Appellant*, v. STATE *ex rel.*, STAFFORD CALDWELL, *et al.; Appellees.*

Opinion Filed February 3, 1915.

1.  The fact that no record of the establishment of a school sub-district is in the office of the County Superintendent of Public Instruction, is not material in proceedings to validate bonds issued by the school sub-district or special tax school district under the law, when the establishment in fact of such school district, and its definite boundaries appear.

2.  Under Chapter 6542 Acts of 1913, the authority therein given is properly conferred upon the "County Board of Public Instruction" as recognized by the constitution.

3.  Under the provisions of Chapter 6542 Acts of 1913, the bonds to be issued thereunder by a special tax school district may be validated in the manner provided for in Chapter 6237 Laws of Florida.

Appeal from Circuit Court for Suwannee County; M. F. Horne, Judge.

Decree affirmed.

*H. E. Carter,* for Appellant;

*Stafford Caldwell,* for Appellees.

WHITFIELD, J.—Sections 10 and 11 of Article XII of the Constitution are as follows:

"Section 10. The legislature may provide for the division of any county or counties into convenient school districts; and for the election biennially of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real, or personal property shall vote in favor of such levy; Provided, That any tax authorized by this section shall not exceed three mills on the dollar in any one year on the taxable property of the district.

Section 11. Any incorporated town or city may constitute a school district. The fund raised by section ten

may be expended in the district where levied for building or repairing school houses, for the purchase of school libraries and text-books, for salaries of teachers, or for other educational purposes, so that the distribution among all the schools of the district be equitable."

The statutes provide for the creation of school districts within the several counties. See Sec. 244, Rev. Stats. of 1892, and Secs. 299 *et seq.*, Genl. Stats. of 1906.

The following was agreed to by the legislature in 1911 and adopted by the electors in 1912 as Section 17 of Article XII of the State Constitution:

"Sec. 17. The legislature may provide for Special Tax School Districts, to issue bonds for the exclusive use of public free schools within any such Special Tax School District, whenever a majority of the qualified electors thereof, who are freeholders, shall vote in favor of the issuance of such bonds. Whenever any such Special Tax School District has voted in favor of the issuance of such bonds, a tax not to exceed five mills on the dollar, in any one year, on the taxable property within the district voting for the issue of bonds shall be levied in accordance with law providing for the levying of taxes, to become a fund for the payment of the interest and redemption of such bonds." Acts 1911, page 934.

Chapter 6542, Acts of 1913, authorizes Special Tax School Districts to issue bonds for the exclusive use of public free schools within such Special Tax School Districts upon taking prescribed action, and the same chapter provides that "When any special tax school district shall have authorized and issued bonds in the manner provided for under the terms of this Act, such bonds shall be subject to validation in the manner provided for in

Chapter 6237, Laws of Florida, approved June 3, 1911, and any amendatory Acts thereto."

Chapter 6237, Act of 1911, prescribes a procedure in the Circuit Courts for validating bonds issued by counties and municipalities, giving to any citizen of Florida, resident in such county. or municipality issuing bonds the right to become a party to the validating proceedings and if dissatisfied with the decree of the court validating the bonds to take an appeal as in chancery cases.

In proceedings where the appellant, a citizen of Florida, and a resident tax payer of the District, was made a party as intervenor, bonds in the amount of $70,000.00 issued by Special Tax School District Number One (No. 1) of Suwannee County, Florida, were validated, and on appeal taken by the intervenor it is contended that the court erred in validating the bonds because (1) there is no record in the office of the Superintendent of Public Instruction of Suwannee County that said Special Tax School District Number One (No. 1) of Suwannee County, Florida, was ever created and established according to law; (2) the bond election was under Chapter 6542, Acts of 1913, called by the "County Board of Public Instruction," whereas Section 341 of the General Statutes provides for a "Board of Public Instruction for" each county; (3) Chapter 6237, Acts of 1911, provides for the validation only of bonds issued by "counties and municipalities," which does not include School Districts.

The pleadings and the agreed statement of facts and the decree in the cause show that Special Tax School District Number One (No. 1), Suwannee County, Florida, comprising Sections 13, 14, 15, 22, 23, 24, 25, 26 and 27, Township 2, South, Range 13 East, all in Suwannee County, Florida, was regularly established and created

in the year 1894 as a school sub-district under the law, and has continued to exist since said date as a school district, and is a legally existing Special Tax School District under the laws of Florida. Under these circumstances the fact that no record of the establishment of the school district is in the office of the County Superintendent of Public Instruction is not material here. If the record has been lost or destroyed it may be re-established under the provisions of the statute on that subject.

As the Constitution in Section 9 of Article XII expressly contemplates the creation and existence of a "County board of public instruction" in each county, the terms of Section 341 of the General Statutes constituting "The Board of Public Instruction for the County of.............................., State of Florida," a body corporate, do not affect the powers of such board as referred to in Chapter 6542, Acts of 1913, by the proper constitutional designation of "County Board of Public Instruction."

Section 18 of Chapter 6542 under which the bonds were issued by the Special Tax School District expressly provides that "such bonds shall be subject to validation in the manner provided for in Chapter 6237, Laws of Florida," therefore it is quite immaterial whether the terms of the latter Chapter cover Special Tax School District bonds.

Decree affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.